IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Edward Chestnut, #13465-171, | C/A No.: 1:15-2770-RBH-SVH |
| Petitioner, | |
| vs. | REPORT AND RECOMMENDATION |
| Federal Bureau of Prisons, | |
| Respondent. | |

Raymond Edward Chestnut ("Petitioner"), proceeding pro se and in forma pauperis, is a federal inmate incarcerated at United States Penitentiary ("USP") in Lewisburg, Pennsylvania.[1] He submitted this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that Petitioner's habeas corpus petition be transferred to the United States District Court for the Middle District of Pennsylvania.

I.      Factual and Procedural Background

Petitioner filed this 28 U.S.C. § 2241 petition seeking to challenge two

---

[1] Although the petition states Petitioner is incarcerated at Federal Correctional Institution ("FCI") in Bennettsville, South Carolina, the petition is dated September 10, 2013. [ECF No. 1]. The envelope containing the petition was deposited in the prison mailing system at USP-Lewisburg on July 1, 2015, and the return address on the envelope is United States Penitentiary, Lewisburg, PA. [ECF No. 1-1].

disciplinary convictions that deprived him of 41 days good time credits. [ECF No. 1 at 8]. Petitioner alleges he did not receive written notice of the charges within 24 hours before the disciplinary hearing officer ("DHO") hearing. *Id.* Plaintiff also claims he was denied an opportunity to call witnesses, was not provided notice of hearing before the DHO, and did not receive a copy of the DHO report. *Id.* Petitioner has previously filed habeas petitions concerning these disciplinary convictions in the Middle District of Pennsylvania in 2013. *See Chestnut v. Thomas*, No. 3:13-2428-WJN-DB (M.D. Pa. Jan. 14, 2015); *Chestnut v. Thomas*, No. 3:13-2370-WJN-DB (M.D. Pa. Jan. 14, 2015). These petitions were voluntarily dismissed in 2015. *Id.*

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted).

Petitioner is confined in USP-Lewisburg in Pennsylvania. Accordingly, the federal district where Petitioner's current custodian is located is where this § 2241 petition should be heard. *See United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008) ("The rule governing jurisdiction naturally follows from the 'immediate custodian rule': a district

3

court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian."); *see also Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011) (concluding that "phrase 'within their respective jurisdictions' in § 2241(a) identifies the proper location of the federal district in which a habeas petition should be filed"). As Petitioner's custodian is subject to service of process in the Middle District of Pennsylvania, the court finds that transfer of this petition to that district court is appropriate. *See* 28 U.S.C. §§ 1404, 1631 (providing for transfer of a case where such transfer would serve the interest of justice).

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends that the court transfer Petitioner's § 2241 petition to the Middle District of Pennsylvania for all further proceedings.

IT IS SO RECOMMENDED.

August 19, 2015                                     Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).